UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No.:   CV 15-07798-AB (AGRx) | Date:   February 16, 2016 |

Title:   *Christine Kerolos v. Wells Fargo Bank, N.A. et al.*

Present: The Honorable   ANDRÉ BIROTTE JR.

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**   [In Chambers] Order <u>**GRANTING**</u> Motion for Remand

  Pending before the court is Plaintiff Christine Kerolos's ("Plaintiff") Motion for Remand.  (Dkt. No. 15.)   Defendants Wells Fargo Bank, N.A., and Thomas Taylor ("Defendants") filed an Opposition and Plaintiff filed a Reply.   The court previously vacated the hearing and took the motion under submission.   For the following reasons, the Motion is **GRANTED**.

  **I.**  **BACKGROUND**

  Plaintiff's Complaint alleges that while Plaintiff was employed as a teller by Wells Fargo, Taylor, her supervisor, "regularly and consistently made sexually suggestive remarks and advances" to Plaintiff.   Compl. ¶12-13.   Plaintiff consistently rebuffed Taylor and asked him to stop, but Taylor would retaliate by making her working conditions more difficult, such as by requiring her to spend more time on the phone instead of at the teller window, which diminished her opportunity to meet the teller window quota. Compl. ¶¶ 15-17.   Plaintiff was reprimanded for not meeting her teller window quota. Compl. ¶ 18.   Thereafter, Taylor invited Plaintiff to "Taylor's personal residence where

CV-90 (12/02)        CIVIL MINUTES - GENERAL        Initials of Deputy Clerk <u>CB</u>

1

she was informed that her termination was pending." Compl. ¶ 20.   Taylor told Plaintiff that she could resign to avoid termination, but that "since she was not open to his advances that it was unlikely that she would survive the next review."   Compl. ¶ 22.   To avoid termination, Plaintiff quit.   Compl. ¶ 23.

Based on the foregoing allegations, Plaintiff asserts the following claims: (1) intentional infliction of emotional distress, against Taylor; (2) negligent infliction of emotional distress, against Taylor; (3) sexual harassment, in violation of the Fair Housing and Employment Act ("FEHA"), against Wells Fargo; and (4) failure to prevent sexual harassment, in violation of the FEHA, against Wells Fargo.

Plaintiff initially filed the Complaint in state court.   Defendants removed it to federal court on the basis of diversity jurisdiction, arguing that Taylor, a non-diverse defendant, is a sham defendant who Plaintiff sued only to avoid a federal forum.   Plaintiff now moves to remand, arguing that Taylor is not a sham defendant and that therefore diversity jurisdiction does not attach.[1]   Thus, this motion turns on whether Taylor is a sham defendant.

## II.   LEGAL STANDARD

### A. Removal

Under 28 U.S.C. § 1441(a), a civil action may be removed to the district court where the action is pending if the district court has original jurisdiction over the action.   Under 28 U.S.C. § 1332, a district court has original jurisdiction of a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between "citizens of different states."   Section 1332 requires complete diversity, *i.e.*, that "the citizenship of each plaintiff is diverse from the citizenship of each defendant."   *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996).   Section 1441 limits removal to cases where no defendant "properly joined and served . . . is a citizen of the State in which such action is brought."   28 U.S.C. § 1441(a)(b)(2).   Removal statutes are "strictly construe[d] against removal."   *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).   Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.   *Id.*   Accordingly, the removing party bears a heavy burden of establishing original jurisdiction in the district court.   *Id.*

### B. Fraudulent Joinder

A non-diverse party may be disregarded for purposes of determining whether jurisdiction exists if the court determines that the party's joinder was "fraudulent" or a

---

[1] In light of Plaintiff's assertion in her Reply that she will seek more than $75,000 in emotional distress damages, *see* Reply 2:19-20, the amount in controversy element of diversity jurisdiction is satisfied.   The amount in controversy is therefore not in issue.

"sham." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998); *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). The term "fraudulent joinder" is a term of art and does not connote any intent to deceive on the part of plaintiffs or their counsel. *Lewis v. Time Inc.*, 83 F.R.D. 455, 460 (E.D. Cal. 1979), *aff'd.*, 710 F.2d 549 (9th Cir. 1983). The relevant inquiry is whether plaintiff has failed to state a cause of action against the non-diverse defendant, and the failure is obvious under settled state law. *Morris*, 236 F.3d at 1067; *McCabe*, 811 F.2d at 1339.

The burden of proving fraudulent joinder is a heavy one. The removing party must prove that there is "no possibility that plaintiff will be able to establish a cause of action in State court against the alleged sham defendant." *Good v. Prudential Ins. Co. of America*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998). In this regard, "[r]emand must be granted unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'" *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009); *Macey v. Allstate Prop. & Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002) ("If there is a non-fanciful possibility that plaintiff can state a claim under California law against the non-diverse defendants the court must remand."). "Merely a 'glimmer of hope' that plaintiff can establish [a] claim is sufficient to preclude application of [the] fraudulent joinder doctrine." *Gonzalez v. J.S. Paluch Co.*, No. 12-08696-DDP (FMOx), 2013 WL 100210, at *4 (C.D.Cal. Jan.7, 2013) (internal quotations omitted); *accord Ballestros v. American Standard Ins. Co. of Wisconsin*, 436 F.Supp.2d 1070, 1072 (D. Ariz. 2006) (same) (citing *Mayes v. Rapoport*, 198 F.3d 457, 463-64 (4th Cir. 1999).

## III. DISCUSSION

To resolve whether Taylor is a sham defendant, the court must determine whether Plaintiff has stated – or can state – a cause of action against him. The Complaint asserts claims for intentional and negligent infliction of emotional distress ("IIED" and "NIED," respectively) against Taylor. Defendants contend that these claims fail because they are barred by workers' compensation exclusivity.

With a handful of exceptions, Cal. Labor Code §§ 3600 and 3601 make workers' compensation the exclusive remedy for an employer's claim against an employer or a fellow employee for injuries suffered within the scope of his or her employment. Workers' compensation exclusivity applies to both physical and emotional injuries. *See Miklosy v. Regents of Univ. of California*, 44 Cal. 4th 876, 90 (2008) (where wrongful conduct was in the normal course of the employer-employee relationship, workers' compensation is the exclusive remedy for any injury that may have resulted, including emotional distress). Thus, that Plaintiff's claims against Taylor are for emotional distress does not exempt them from workers' compensation exclusivity.

However, workers' compensation exclusivity does not apply where the acts

complained of were not "a normal part of the employment relationship" or if the acts were not "incidents of the employment relationship." *Cole v. Fair Oaks Fire Protection Dist.*, 43 Cal.3d 148, 160 (1987) (internal quotations and citations omitted). Defendants contend that Plaintiff's injuries arose out of her employment in that she complains of illegally motivated personnel actions against her, including verbal and written reprimands, and what sounds like constructive termination. *See* Opp'n 4:22-5:3, 6:1-4.

While the foregoing injuries are self-evidently work-related, Plaintiff complains of other injuries more attenuated from any "normal part of the employment relationship," including the emotional injuries arising out of Taylor's alleged ongoing sexual harassment. Plaintiff also alleges that Taylor summoned her to his personal residence and made statements that could be interpreted as either resulting in her constructive discharge or as demanding a quid pro quo: whether such behavior, which took place at Taylor's residence, is an "incident of the employment relationship" is not something the court can resolve on the current record. Defendants fail entirely to acknowledge these allegations and thus fail to show how Plaintiff's resulting IIED and NIED claims might be covered by workers' compensation exclusivity. As a result, Defendants have not shown that there is "no possibility that plaintiff will be able to establish a cause of action in State court against the alleged sham defendant" and have thus failed to satisfy their heavy burden of proving fraudulent joinder.

The Court therefore finds that Taylor was not fraudulently joined. Because Plaintiff and Taylor are both citizens of California, Taylor's presence in the action destroys complete diversity and the Court may not exercise diversity jurisdiction over this action. The Court therefore **GRANTS** Plaintiff's motion for remand.

Although the Court is granting Plaintiff's motion for remand, the Court denies Plaintiff's fee request because Defendants' removal was not patently frivolous or unreasonable.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Remand and hereby **REMANDS** this case to the state court from which it was improperly removed.

**IT IS SO ORDERED.**